FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

2011 SEP 26  P 2: 39

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, MD  21201 | ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. ─ ─ ─ ─ DEPUTY <br> **JKB 11 CV 2766** |
| Plaintiff, | ) <br> ) | COMPLAINT |
| v. | ) <br> ) <br> ) | JURY TRIAL DEMAND |
| MORNINGSIDE HOUSE OF ELLICOTT CITY, L.L.C., <br> 5330 Dorsey Hall Drive <br> Ellicott City, MD  21042 | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Khadijah Salim ("Salim"). As alleged with greater specificity below, Plaintiff Equal Employment Opportunity Commission (the "Commission") charges that Defendant Morningside House of Ellicott City, L.L.C. ("Defendant") has engaged in religious discrimination by refusing to hire Salim because of her religion (Islam).

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Morningside House of Ellicott City has continuously been a company doing business in the State of Maryland and the City of Ellicott City, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Salim filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least June 8, 2010, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  The practices included failing to hire Salim for the position of Certified Nursing Assistant because she wears a religious headscarf in observation of her religion (Islam).

8.      Salim is Muslim.  She wears a headscarf, called a hijab, in observation of her religious

2

beliefs as a Muslim.

9.     On or around June 8, 2010, after seeing an Internet posting for CNA positions with Defendant, Salim visited Defendant's facility, completed an application, and met with Defendant's Director of Health and Wellness. During the meeting, the Director asked Salim if she was willing to remove the hijab and expressed concerns that elderly residents with dementia might be afraid of Salim or the hijab might interfere with Salim's ability to care for residents. Salim informed the Director that she had worked with elderly patients with dementia before and that, rather than fearing her, they always liked her. Salim also advised the Director that she had worn the hijab throughout her nursing training, including in the operating room, and it did not interfere with her ability to perform her duties. The Director indicated that Defendant would contact Salim if someone was interested in her. Salim never heard from Defendant again.

10.     In or around September 2010, Defendant interviewed and offered CNA positions to ten other applicants, including six applicants who applied in August or September and four who applied in May or June.

11.     The effect of the practices complained of above has been to deprive Salim of equal employment opportunities and otherwise adversely affect her status as an applicant because of her religion.

12.     The unlawful employment practices complained of above were intentional.

13.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Salim's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of religion.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.      Order Defendant to make Salim whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring or front pay in lieu thereof.

D.      Order Defendant to make Salim whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Defendant to make Salim whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.      Order Defendant to pay Salim punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

4

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

PATRICK D. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

TONYA MICHELLE OSBORNE
Trial Attorney
Federal Bar No. 27326

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 962-4341
Fax: (410) 962-4270