UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | |
| Plaintiff, )<br>) | CIVIL ACTION NO.<br>1:11-cv-02766-JKB |
| v. )<br>) | |
| MORNINGSIDE HOUSE OF ELLICOTT CITY, )<br>LLC, )<br>Defendant. )<br>_____) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Morningside House of Ellicott City, LLC, ("Defendant"), alleging that Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by refusing to hire Khadijah Salim ("Salim") because of her religion, Islam.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is **ORDERED, ADJUDGED AND DECREED:**

1

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action which emanated from the Charge of Discrimination filed by Salim.

2. This Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

### Monetary Relief

4. Within thirty calendar days of entry of this Decree, Defendant shall pay Salim monetary relief in the total amount of $25,000, representing $20,000, in compensatory damages, and $5,000, in back pay with interest. Concurrent with this payment, Defendant will issue to Salim a United States Internal Revenue Services Form 1099 for the 2012 tax year for the compensatory damages amounts paid to her and a W-2 form for the back pay paid to her. The checks will be made payable to Salim and will be mailed directly to her. A photocopy of the checks and related correspondence will be contemporaneously mailed to the EEOC, Baltimore Field Office, 10 South Howard Street, Baltimore, Maryland 21201, Attention: Supervisory Trial Attorney Maria Salacuse.

### Injunctive Relief

5. Defendant, its officers, management level employees, corporate successors, assigns, and all persons acting are hereby enjoined from discriminating against any individual on

2

the basis of religion. The prohibited conduct includes, but is not limited to, the failure to hire applicants because of their religion. Such religious discrimination violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) to discriminate against any individual with respect to [her] ... terms, conditions, or privileges of employment, because of such individual's ... religion ....

42 U.S.C. § 2000e-2(1).

6.  Defendant, its officers, management level employees, corporate successors, assigns, and all persons acting are hereby enjoined from failing to comply with the recordkeeping provisions of Title VII:

> Every employer... shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2) preserve such records for such periods, and (3) make such reports therefrom as the Commission shall prescribe by regulation or order...

42 U.S.C. § 2000e-8(c).

### Training

7.  Within 60 calendar days after the entry of this Decree, and once per year thereafter for the duration of this Decree, Defendant will provide at least two hours of training for all supervisors, managers and anyone involved in the hiring process who are employed with Defendant, on their rights and obligations arising under Title VII, including but not limited to, what constitutes religious discrimination; Defendant's obligations arising under Title VII not to discriminate against any employee or applicant on the basis of religion. This training shall be conducted by the EEOC for a cost or a third party to be approved by EEOC. Defendant will obtain prior approval from the EEOC of the materials to be used and topics to be discussed during the training.

8. Within 60 calendar days from the entry of this Decree and within 14 days of the date of hire and/or promotion of all newly hired managers, supervisors, and other persons with authority to hire or fire employees who work in establishments owned by Defendant, Defendant shall provide such personnel with Title VII training as provided in Paragraph 7 above.

9. Defendant will maintain attendance records identifying the name and job title of the attendees at each training session.

10. Within 10 business days of providing such training sessions, Defendant will furnish EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of completion of the mandatory training.

### Employment Policies

11. Within 60 calendar days after the entry of this Decree, Defendant will revise its Employee Handbook to enhance provisions that Defendant will not discriminate against its employees or applicants on the basis of religion. Defendant's policy shall also include provisions for effective complaint and investigation procedures, including the implementation and maintenance of a toll-free phone number, mobile phone number, and/or e-mail address for complaints, together with a disciplinary policy for Defendant's employees who engage in discriminatory or retaliatory behavior. Defendant will name an EEO officer to receive complaints of discrimination and retaliation. These provisions of the revised Employee Handbook are to be approved by EEOC and shall be distributed to all employees who work for Defendant within 14 business days of receipt of such approval.

12. Within 30 days of the entry of this Decree, Defendant will implement and maintain a defined record-keeping and records retention policy consistent with the recordkeeping procedures set forth in Title VII and 29 C.F.R. 1602.14. The policy shall unequivocally state

that Defendant shall preserve all personnel records relevant to a charge or an action until final disposition of the charge or action. The term personnel records relevant to the charge, shall include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected.

### Reporting

13.  Every six months following the entry of this Consent Decree, and continuing throughout the duration of the Decree, Defendant will report in writing to the Commission's counsel of record concerning the implementation of this Decree. The report will include the following information:

> Copies of any formal complaints made to Defendant's Human Resources Department, administrative charges, and/or lawsuits which allege religious discrimination made by any employee or applicant, and for every complaint, whether oral or written, the name of the complainant, and a detailed explanation of Defendant's actions taken in response to the complaint, including any investigative and corrective measures taken.

### Notice Posting

14.  Within 10 business days after entry of this Decree, Defendant will post the Notice attached hereto as Attachment A in all places where notices to employees are customarily posted at locations selected so that each employee shall have the opportunity to observe at least once such posting when working. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by the Defendant's President and CEO, Kelly Mason, with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 calendar days of entry of the Decree, Defendant shall

forward to the EEOC's Philadelphia District Office, a copy of the signed Notice and written certification that the Notice referenced herein has been posted and a statement of the locations and dates of posting.

### Miscellaneous Provisions

15. All materials required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Philadelphia District Office
> Attention: Maria Salacuse, Supervisor Trial Attorney
> 10 South Howard Street, 3rd Floor
> Baltimore, MD 21201

16. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 10 days of the alleged non-compliance and shall afford the alleged non-complying party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 10 business days, the complaining party may apply to the Court for appropriate relief.

17. This Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII or any other statutes enforced by the Commission on any such charges.

18. The Commission and Defendant shall bear their own costs and attorneys' fees.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

**FOR PLAINTIFF:**

/s/
───────────────────────
Debra M. Lawrence, Esq.
Regional Attorney

/s/
───────────────────────
Maria Salacuse, Esq. (Bar No. 15562)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
maria.salacuse@eeoc.gov

**FOR DEFENDANT:**

───────────────────────
Thomas L. McCally, Esq.
Nat P. Calamis, Esq.
Carr Maloney P.C.
2000 L Street, NW
Suite 450
Washington, D.C. 20036
npc@carrmaloney.com

**SO ORDERED.**

Signed and entered this __6__ day of __August__, 2012.

───────────────────────
United States District Court Judge
James K. Bredar